[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT #133.00
This case came to this Court for a hearing on a Motion for Contempt and a hearing for Modification of Child Support. The child support modification motion was decided July 9, 1992. This Court did not decide the Motion for Contempt since transcripts were ordered which were never delivered. More than a hundred and twenty days had gone by but both parties stipulated on the record that they wish this Court to hear it since the problem was not within the Court's control but rather in the inability of both parties to obtain the transcripts although they used reasonable diligence.
The Court heard final argument on the Motion for Contempt in Stamford although it was a Bridgeport case. The Court has reviewed the transcripts that were provided which consists of the original proceedings on January 6, 1989 before the Honorable George Thim and the proceedings that took place before Judge Martin Nigro on December 20th and 21st, 1990. The Court has read those transcripts and heard the argument of the parties.
The Court finds that on page 11 of the transcript of the original proceedings before Judge Thim it is clear that the wife CT Page 10328 was to
 "indemnify and hold him (husband) harmless in connection with the existing mortgage, taxes, condominium fees or any other expense having to do with the ownership or occupancy of the premises. That she will maintain the premises in good order and be responsible for the timely payment of the mortgage".
This Court finds that she did not do the things that she was supposed to do all as set forth in the proceeding of December 20th and 21st. It is clear that the property was there after foreclosed. The husband comes to this Court on this motion claiming that he should be reimbursed certain expenses as a result of her actions and inactions.
The Court finds that the wife wilfully violated orders of the Court and did things that she pleased rather than as she was ordered. (See pgs. 8-10 of 12/21/90 Transcript). She sought no modification of orders but rather neglected and disobeyed them. The Court finds that although attorney Shaughnessey's bill for fees as set forth in defendant's Exhibit One in the sum of $8,137.50 is fair and reasonable, fees for these proceedings caused by the wife's contempt is $2,500. The wife is ordered to pay the husband $2,500 as contribution to his attorney fees.
The Court further finds that the husband lost time from work which was deducted from his vacation period. He claims 14 days at $225 per day. The Court finds that the reasonable amount to be assessed for that loss of time is $1,000.
Accordingly, the wife is ordered to pay to the husband the total sum of $3,500 as set forth above which the Court finds to be fair and reasonable for failure to hold the husband harmless as was ordered.
In the testimony before the court in Bridgeport the husband admitted that he was willing to let things go but when she came back to court he pursued his contempt. Accordingly, the Court orders wife to pay the $3,500 to the husband at the monthly rate of $300 per month until said amount is paid. Said payment to commence on the first full month after this decision and to continue until paid in full.
Karazin, J. CT Page 10329